UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-04451-SVW-JC | Date | June 27, 2013 |
|---|---|---|---|
| Title | Martingale Investments, LLC v. Leticia Aguirre Dominguez et al | | |

JS - 6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**   IN CHAMBERS ORDER re Dismissal

**I.   INTRODUCTION**

On March 12, 2013, Plaintiff Martingale Investments, LLC ("Plaintiff") filed the instant unlawful detainer action in California Superior Court, County of Los Angeles, against Defendants Leticia Aguirre Dominguez et al. (collectively "Defendants"). (Dkt. 1, Ex. 1 ("Compl.")). Defendants are allegedly occupying real property located at 1316 Cordon Drive, Los Angeles, California 90063 (the "Property"). (Compl. ¶ 8). On February 22, 2013, Plaintiff took title to the property at a trustee's sale. (Compl. ¶ 4). Thereafter, Plaintiff served a notice to quit on Defendants requiring them to vacate the property within three days, but Defendants continued in occupation of the property. (Compl. ¶¶ 12-13). Plaintiff seeks, inter alia, possession of the property, damages at the rate of $63.33 per day from March 12, 2013 until the date of judgment. (Compl. at 3).

On June 20, 2013, Defendants filed a Notice of Removal. For the reasons stated below, the Court determines *sua sponte* that it lacks subject matter jurisdiction and the case is REMANDED to Los Angeles Superior Court.

**II.   ANALYSIS**

Where a case has been removed, the federal court may remand for lack of subject matter jurisdiction at any time before final judgment. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). The court may – indeed must – remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction. See Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc.,

|  | : |  |
|---|---|---|
|  | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-04451-SVW-JC | Date | June 27, 2013 |
|---|---|---|---|
| Title | Martingale Investments, LLC v. Leticia Aguirre Dominguez et al | | |

## JS - 6

980 F.2d 564, 567 (9th Cir. 1992).  In seeking removal, the defendant bears the burden of proving that jurisdiction exists.  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

### A.    The Court Lacks Federal Question Jurisdiction

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002) (internal citations and quotation marks omitted).  However, " case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."  Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987) (emphasis in original).

Defendants have failed to establish federal question jurisdiction.  Plaintiff's Complaint states a single claim for unlawful detainer, which "does not arise under federal law but is purely a creature of California law."  Wells Fargo Bank v. Lapeen, No. 11–01932, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011).  Defendants removed this case on the ground that Plaintiff is a "debt collector" under the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et. seq., "FDCPA") and that Plaintiff violated the FDCPA.  (Dkt. 1 ¶¶ 5-7).  However, this is a federal defense and "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court."  Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005); see also Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 14 (1983).  Because the Complaint does not raise a federal question, this Court does not have jurisdiction under 28 U.S.C. § 1331.

### B.    The Court Lacks Diversity Jurisdiction

Nor does the Court have diversity jurisdiction.  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States . . . ."  28 U.S.C. 1332(a).  Here, the requested damages of $63.33 per day beginning on March 12, 2013, and costs of suit, fall short of the $75,000.00 requirement.  Moreover, and in any event, "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the . . . defendants is a citizen of the State in which such action is brought."  28 U.S.C. 1441(b)(2).  In this case, Defendants reside in California, and the action was filed in California.  Therefore, the Court cannot exercise removal jurisdiction on the basis of diversity of citizenship.

|  | : |  |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-04451-SVW-JC | Date | June 27, 2013 |
|---|---|---|---|
| Title | Martingale Investments, LLC v. Leticia Aguirre Dominguez et al | | |

JS - 6

//

    **C.**    **Removal Was Untimely**

A defendant must file a notice of removal within thirty days after his or her receipt of a copy of the complaint. 28 U.S.C. § 1446(b). Defendants were served with the Summons and Complaint in the state action on March 12, 2013. (Dkt. 1 ¶ 3). However, Defendants filed the Notice of Removal on June 20, 2013, weeks after the statutorily mandated thirty day window. 28 U.S.C. § 1446(b). Accordingly, remand is appropriate on this alternative basis as well.

**III.**    **CONCLUSION**

Defendants have failed to carry the burden of establishing that removal is proper. The action is REMANDED to state court.

 

:      

Initials of Preparer    PMC